IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,270-01






EX PARTE RICKEY DON WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17440-B IN THE 104TH DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of
marijuana in a drug free zone, and originally received ten years, probated. His probation was later
revoked, and he was sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
counsel failed to investigate, failed to object to a defective indictment, and advised Applicant to
plead guilty. Applicant alleges that he would not have pleaded guilty but for counsel's erroneous
advice. 

 On October 3, 2012, this Court remanded this matter to the trial court to obtain an affidavit
from trial counsel, enter findings of fact addressing Applicant's claims, and supplement the record
with copies of the plea documents. On November 19, 2012, this Court received the trial court's
findings of fact and conclusions of law, which are based on the plea papers and on the trial court's
own recollection of the revocation hearing. However, the plea papers upon which the trial court
relied are not in the supplemental record, and trial counsel has not submitted an affidavit responding
to Applicant's claims. Furthermore, the trial court's findings specifically address counsel's
performance at the revocation hearing, but do not discuss trial counsel's investigation and
preparation, or his advice to Applicant at the original plea.

 Because the supplemental record is insufficient to fully address Applicant's allegations, the
trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of
counsel. In addition, the trial court shall again order the district clerk to supplement the habeas
record with copies of the plea documents, including the admonishments, the stipulation of evidence, 
and any other evidence introduced to support the original plea.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of the plea documents in this
case, including the admonishments, waivers and stipulations, judicial confession, any evidence
introduced to support the plea, and any written plea agreement that exists. The trial court shall make
findings of fact as to what investigation trial counsel performed before advising Applicant to plead
guilty to the charges. The trial court shall make findings of fact as to whether counsel investigated
the quantity of marihuana with which Applicant was arrested, and as to whether he investigated the
validity of the drug free zone allegation. The trial court shall make findings of fact and conclusions
of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 9, 2013

Do not publish